**CLOSED**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGYI XU, Individually and on behalf of all others similarly situated, | Case No: 2:15-cv-07952-CAS (RAOx) |
| Plaintiff, | ~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT |
| v. | |
| CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, JING AN, and KEN VINCENT QINGSHI ZHANG, | Judge: Hon. Christina A. Snyder |
| Defendants. | |

On the 13th day of August, 2018, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 27, 2018 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be

- 1 -

entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Class Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award Lead Plaintiffs as incentive fees; and

No member of the Settlement Class objected to the Settlement, and none requested exclusion from the Settlement Class; and

No member of the Settlement Class appeared at the August 13, 2018 final approval hearing; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated April 30, 2018 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

For purposes of this Settlement, the Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs, all Settlement Class Members, and ChinaCache.

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; and (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class.

The Court hereby finally certifies this action as a class action only for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons (including, without limitation, their beneficiaries) who purchased ChinaCache International Holdings Ltd. ("ChinaCache") American Depositary Shares ("ADS")  during the period from March 27, 2015 through August 20, 2015, inclusive ("Settlement Class Period"), except that excluded from the Settlement Class are all: (i) Defendants and all officers and directors of ChinaCache during the Settlement Class Period; (ii) immediate family members of any Person excluded under section (i) of this definition; (iii) any entities affiliated with or controlled by any person excluded under sections (i) and (ii) of this definition; (iv) the legal representatives, heirs, successors or assigns of any person excluded under subsections (i) through (iii) of this definition; and (v) Opt-Outs.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff, Guangyi Xu, is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

[PROPOSED] ORDER AND FINAL JUDGMENT

In accordance with the Court's Preliminary Approval Order, the Claims Administrator timely mailed the Postcard Notice to 147 individuals and organizations identified by the transfer agent of ChinaCache. The Claims Administrator timely mailed a letter to the 778 largest banks and brokerage companies ("Nominee Holders") and to 625 mutual funds, insurance companies, pension funds, and money managers ("Institutional Holders"), informing them of the Settlement and requesting the names of beneficial owners of ChinaCache ADSs or for the Nominee Holders to transmit the Notice and Claim Form to beneficial owners. The Claims Administrator mailed 2,481 Postcard Notices to potential Settlement Class Members or nominees. The Claims Administrator timely posted the Long Notice and Claim Form to its website. The Settlement Administrator caused Globe Newswire to publish the Summary Notice timely, on May 18, 2018.

The Court hereby finds, therefore, that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. No putative member of the Settlement Class has objected to the Settlement and none has requested exclusion from the Class. No Settlement Class

- 4 -

member appeared at the August 13, 2018 hearing. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment.

The Court finds that the risks associated with protracted litigation and Lead Plaintiff's proving his claims and the claims of the putative class at trial were substantial, supporting the fairness, reasonableness, and adequacy of the Settlement.

First, the Court dismissed both Lead Plaintiff's First Amended Complaint and his Second Amended Complaint for failure to allege falsity adequately. The Court recognizes that the parties negotiated the Settlement while the action was on appeal to the United States Court of Appeals for the Ninth Circuit. The Court acknowledges that the action was on appeal from its final order of dismissal and that Lead Plaintiff faced a substantial challenge obtaining reversal of the dismissal order.

Second, the Court finds that even had the Ninth Circuit reversed the order of dismissal, Lead Plaintiff faced obstacles to proving that Defendants made the allegedly false and misleading statements at issue with scienter. In the Order, dismissing the Second Amended Complaint, the Court found that Lead Plaintiff had failed to plead that the individual defendants personally gained from the fraud, that the "core operations" doctrine applied, or that the Complaint's allegations gave rise to a strong inference of corporate scienter.

Third, the Court finds that, on remand, even if the Court sustained the adequacy of the Complaint's other allegations, Lead Plaintiff would have encountered substantial difficulties obtaining full discovery from persons and entities located in the People's Republic of China ("PRC").

Fourth, the Court acknowledges that even if Lead Plaintiff prevailed  in a jury trial, proving each element of a Rule 10b-5 claim, substantial risk existed that he would have been unable to enforce a judgment in the PRC, on behalf of himself and the Class.

- 5 -

1   Given these risks and uncertainties, among others, and that no member of the
2   Settlement Class objected to the Settlement or sought exclusion from the Class, the
3   Court approves the Settlement as fair, reasonable and adequate, and in the best interests
4   of the Settlement Class. This Court further finds that the Settlement set forth in the
5   Stipulation is the result of good faith, arm's-length negotiations between experienced
6   counsel representing the interests of the Class Representative, Settlement Class
7   Members, and ChinaCache.  The Parties are directed to consummate the Settlement in
8   accordance with the terms and provisions of the Stipulation.

9   The Action and all claims contained therein, as well as all of the Released
10   Claims, are dismissed with prejudice as against each and all of the Defendants. The
11   Parties are to bear their own costs, except as otherwise provided in the Settlement
12   Stipulation.

13   Upon the Effective Date, the Releasing Parties, on behalf of themselves, their
14   successors and assigns, and any other Person claiming (now or in the future) through
15   or on behalf of them, regardless of whether any such Releasing Party ever seeks or
16   obtains by any means, including without limitation by submitting a Proof of Claim, any
17   disbursement from the Settlement Fund, shall be deemed to have, and by operation of
18   this Final Judgment shall have, fully, finally, and forever released, relinquished, and
19   discharged all Released Claims against the Released Parties.  The Releasing Parties
20   shall be deemed to have, and by operation of this Final Judgment shall have,
21   covenanted not to sue the Released Parties with respect to any and all Released Claims
22   in any forum and in any capacity.  The Releasing Parties shall be and hereby are
23   permanently barred and enjoined from asserting, commencing, prosecuting, instituting,
24   assisting, instigating, or in any way participating in the commencement or prosecution
25   of any action or other proceeding, in any forum, asserting any Released Claim, in any
26   capacity, against any of the Released Parties.  Nothing contained herein shall, however,
27
28

bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

With respect to any and all Released Claims, the Class Representative and the Released Parties shall waive and each of the Settlement Class Members shall be deemed to have waived, and by operation of this Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative and the Released Parties shall waive and each of the Settlement Class Members shall be deemed to have waived, and by operation of this Final Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Class Representative, the Released Parties and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims, but the Class Representative, the Released Parties and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or

- 7 -

existence of such different or additional facts.  The Class Representative and the Released Parties acknowledge and the Settlement Class Members shall be deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the Releasing Parties related to the Releasing Parties' prosecution of the Action or any other known or unknown counter-claim related thereto and shall have covenanted not to sue the Releasing Parties with respect to any counter claim, claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties.  Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment**.**

The Court finds that all Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action or could have been alleged or asserted, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or

- 8 -

asserted or could have been alleged or asserted in any such action or proceeding.  This Final Judgment is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties.  Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with therewith (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Class Representative or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Final Judgment, the Stipulation, or the documents related thereto may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, or as otherwise required by law.

The Court finds that ChinaCache has complied with its obligations under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b), transmitting CAFA notice, by May 3, 2018 letter, to the appropriate state and federal officials that 28 U.S.C. §1715(a) specifies.

Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the

- 9 -

jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement Fund to the Settlement Class Members.

Without further order of the Court, the ChinaCache and Class Representative may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The finality of this Final Judgment shall not be affected, in any manner, by rulings that the Court makes herein on the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representative.

The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

With respect to fees, the Court finds that the risks of litigation, coupled with the fully contingent nature of the fee arrangement among Lead Plaintiff and Class Counsel, support the award of attorneys' fees in this action. In addition, the Court will apply the percentage of the recovery method of awarding fees and finds that awarding 25% of the Settlement Fund is consistent with the benchmark in this Circuit and with awards

- 10 -

[PROPOSED] ORDER AND FINAL JUDGMENT

of fees in similar securities class actions. The Court notes, once again, that no member of the Settlement Class objected to Class Counsel's request for fees or for reimbursement of expenses. The Court also finds that because Class Counsel will receive a negative multiplier of 0.48 of its total lodestar, the cross-check supports an award of 25% of the Settlement Fund as attorney's fees.

As such, the Court hereby awards Class Counsel 25% of the Settlement Amount in attorneys' fees, or $247,500, which the Court finds to be fair and reasonable, and $29,297.04 in reimbursement of expenses.

The Court hereby awards the Class Representative  $2,500, which the Court finds to be fair and reasonable. Beyond payment of the Settlement Amount, ChinaCache and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, the Class Representative, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to March 27, 2018, pursuant to the terms of the Stipulation.

Dated: August 13, 2018

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AND FINAL JUDGMENT