Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff Guangyi Xu*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANGYI XU, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINACACHE INTERNATIONAL HOLDINGS LTD., SONG WANG, JING AN, and KEN VINCENT QINGSHI ZHANG,<br><br>Defendants. | Case No: 2:15-cv-07952-CAS (RAOx)<br><br>**[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**<br><br>Date: November 5, 2018<br>Time: 10:00 a.m.<br>Ctrm.: 8D<br>Judge: Hon. Christina A. Snyder |

IT IS HEREBY ORDERED THAT:

1. Lead Plaintiff's Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), at the direction of Lead Counsel, The Rosen Law Firm P.A., pursuant to the Stipulation and Agreement of Settlement filed with the Court on March 28, 2018 (the "Stipulation") (Dkt. No. 61-3) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred as of September 17, 2018, the date used to finalize the administration based on the Bravata Declaration.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification,

calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead Counsel and the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION SIX (6) MONTHS AFTER DISTRIBUTION DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after SCS has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional

settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization selected by Lead Counsel.

7. SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three (3) years after all distributions of the Net Settlement Fund to the eligible claimants.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

Dated: November 15, 2018

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE